UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR BANNISTER, | : | CIVIL ACTION NO. 3:CV-12-1772 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| WARDEN DAVID EBBERT, | : | |
| Respondent | : | |

FILED
SCRANTON
JUN 20 2014
PER _____ DEPUTY CLERK

## MEMORANDUM

Hector Bannister, an inmate formerly confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, ("USP-Canaan"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Bannister challenges the Bureau of Prisons' ("BOP") calculation of his federal sentence. (Doc. 1, petition). Specifically, he seeks a 423-day sentence credit against his current imprisonment for time spent serving a sentence for a previous conviction because he alleges that the sentencing court ordered the sentences to be fully retroactively concurrent. Id. A response and traverse having been filed, the petition is ripe for disposition. For the reasons set forth below, the petition will be denied.

---

[1] Bannister is currently confined in the United States Penitentiary Pollock, Louisiana.

**Background**

On August 13, 2007, Bannister was arrested by Boston Police officers and charged with assault and battery on a police officer and with resisting arrest at Case Number 0702CR3948. See (Doc. 15-1 at 35, Criminal Convictions). On February 4, 2008, he was found guilty on both counts and sentenced to probation until February 8, 2010. Id.

On October 30, 2007, Bannister was arrested by Boston Police officers and charged with possession with intent to distribute crack cocaine and resisting arrest. See (Doc. 15-1 at 36, Criminal Convictions, Case Number 0701CR7346). On January 10, 2008, he was found guilty and sentenced to two (2) years in the House of Corrections, with six (6) months to serve but the balance of the term of imprisonment was suspended. Id. The court directed Bannister to serve a term of probation until January 6, 2010, with a seventy-two (72) day credit. Id. He was released to a term of probation on April 26, 2008. Id.

On or about September 12, 2008, Bannister was arrested by Boston Police and charged with possession with intent to distribute Class B controlled substances, a drug violation near a school park. See (Doc. 15-1 at 37, Pending Charges, Case Number 0801CR7018). The charges were based on the conduct that forms the basis of his federal offense. Id. After his arrest, he was detained in state

custody in connection with violating his probation on Case Numbers 0701CR7346 and 0702CR3948. Id.

On September 26, 2008, Bannister was found to have violated the terms of probation in Case Number 0701CR7346. See (Doc. 15-1 at 38). His 18-month suspended sentence was revoked, and he was credited with eleven (11) days of state jail credit. Id.

On October 31, 2008, Bannister was found to have violated the terms of probation in Case Number 0702CR3948. Id. He was sentenced to one year concurrent with Case Number 0701CR7340. Id.

On November 28, 2008, the state charges connected with Case Number 0801CR7018 (Class B controlled substances, drug violation near a school park, and possession with intent to distribute Class B controlled substances) were nolle prossed. (Doc. 15-1 at 37).

On December 4, 2008, in the United States District Court for the District of Massachusetts, Bannister was charged with possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). See (Doc. 15-1 at 34). On December 5, 2008, federal authorities borrowed Bannister, pursuant to a writ of habeas corpus ad prosequendum, to process that charge. (Doc. 15-1 at 54, Writ of Habeas Corpus).

On June 26, 2009, Bannister pled guilty to the federal offense, and on November 10, 2009, was sentenced to ninety-six (96) months imprisonment. (Doc. 15-1 at 59-65, Judgment in Criminal Case). The federal sentencing court in the District of Massachusetts directed that the federal sentence run concurrently to the state sentence he was then serving. Id. at 60. The court recommended that he be designated to a Bureau of Prisons ("BOP") facility where he could participate in mental health and substance abuse treatment. Id.

On November 10, 2009, Bannister was returned to state authorities in satisfaction of the federal writ. (Doc. 15-1 at 57, United States Marshals Service Form 129).

On January 29, 2010, Bannister was released from his state sentence and custody was relinquished to federal authorities. Id. The BOP computed Bannister's federal sentence as commencing on November 10, 2009, the date it was imposed. (Doc. 15-1 at 67, Sentence Monitoring Computation Data). He received fourteen (14) days of prior custody credit for time served from September 12, 2008, through September 25, 2008. Id. His projected release date was determined to be March 5, 2017. Id.

**Discussion**

    A.    **Jurisdiction**

It is not the sentencing court which determines if jail time credits should be granted towards a federal sentence, it is the Bureau of Prisons ("BOP"). See United States v. Wilson, 503 U.S. 329, 333-35 (1992); Edwards v. United States, 41 F.3d 154, 155 (3d Cir.1994). The proper vehicle for challenging the erroneous determination of sentence credit by the BOP is a petition for relief under 28 U.S.C. § 2241 in the district where the defendant is imprisoned. United States v. Smith, 101 F. Supp. 2d 332, 338 (W.D. Pa. 2000); United States v. Donohue, No. 93 CR 422, 1999 WL 690154 (E.D. N.Y. Aug. 28, 1999). Failure by the BOP to implement the sentence imposed by a sentencing court mandates habeas corpus relief under § 2241. See Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000); see also Gomori v. Arnold, 533 F.2d 871, 874-75 (3d Cir. 1976) (holding that where a prisoner seeking federal habeas corpus relief challenges the effect of events "subsequent" to his sentence, habeas corpus remedy is appropriate rather than motion pursuant to 28 U.S.C. § 2255). Because Petitioner is alleging that the BOP has failed to calculate his sentence correctly, he is properly before this Court.

**B.     Computation of Federal Sentence**

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, see 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, (1992), and has delegated that authority to the

Director of the Bureau of Prisons under 28 C.F.R. § 0.96 (1992).  See <u>United States v. Brann</u>, 990 F.2d 98, 103-04 (3d Cir. 1993).

### 1. Primary Jurisdiction

When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant.  See <u>Chambers v. Holland</u>, 920 F. Supp. 618, 622 (M.D.Pa.), <u>aff'd</u>, 100 F.3d 946 (3d Cir. 1996) and cases cited therein.  Primary jurisdiction remains vested in the jurisdiction that first arrested defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.  Notably, producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.  <u>Chambers</u>, 920 F. Supp. at 622 (citations omitted).  Thus, in this case, the state of Massachusetts, acquired primary jurisdiction over Bannister when it arrested him and retained primary custody over him when it produced him pursuant to the writ of habeas corpus ad prosequendum.[2]

---

[2] A prisoner detained pursuant to a writ of habeas corpus ad prosequendum is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person.  See e.g., <u>Ruggiano v. Reish</u>, 307 F.3d 121, 125 n.1 (3d Cir. 2002). The receiving sovereign, which in this case is the federal government, is, therefore, considered simply to be "borrowing" the

## 2. Prior Custody Credit

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit").

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

There are three ways that an inmate can accrue federal jail credit: (1) credit for time spent in custody while actually serving a federal sentence; (2) credit

---

prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. Id .

for prior custody under 18 U.S.C. § 3585(b); and (3) credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer, commonly referred to as "Willis" credit. See Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

Section 3585(b) allows an inmate to use time served in custody prior to the imposition of a sentence towards the completion of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This last clause provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence. The Supreme Court has made clear that inmates are not allowed to "double count" credit. See United States v. Wilson, 503 U.S. 329, 337 (1992); Rios v. Wiley, 201 F.3d 257, 271-72 (3d Cir. 2001). Simply put, under Section 3585(b), the BOP may not grant presentence credit for time that has been credited against another sentence. Id.; Rios, 201 F.3d at 271-72.

In this case, at the time the federal sentence was imposed, Petitioner was in primary state custody, by virtue of the September 12, 2008 arrest by officers of the Boston Police department. Although the criminal conduct associated with the

September 12, 2008 arrest formed the basis of the federal criminal charges connected with his current federal sentence, after Petitioner's September 12, 2008 arrest, he remained in state custody due to the state parole violator proceedings and obligations. See (Doc. 15-1 at 46-52, Docket Sheets, Boston Municipal Ct. Department Criminal Business Division).

Federal authorities then "borrowed" Bannister pursuant to a writ of habeas corpus ad prosequendum and promptly after federal sentencing, on or about November 10, 2009, the United States Marshals Service returned Petitioner to state authorities in satisfaction of the federal writ.

Under 18 U.S.C. §§ 3584(a) and 3585(a), the determination as to when an inmate's federal sentence may commence is based upon the intent of the federal sentencing court. Attached to Bannister's memorandum of law in support of his petition is a portion of the sentencing transcript which demonstrates that there was considerable discussion about whether Bannister's federal sentence should be served concurrent to his state sentences, but no discussion about the sentence commencing at some earlier date. See (Doc. 1, Memorandum of Law). Further, the federal Judgment and Commitment Order reflects an intent on the part of the federal sentencing court to have Petitioner's federal sentence run concurrently with

his state probation violator terms. (Doc. 15-1 at 59-65, Judgment in Criminal Case).

Accordingly, Bannister's ninety-six-month sentence imposed by the United States District Court for the District of Massachusetts began to run on November 10, 2009, the date it was imposed, and ran concurrently with the balance of the probation violator terms imposed by the state of Massachusetts. See 18 U.S.C. §§ 3584(a); 3585(a).

With respect to Bannister's federal sentence computation, the conduct connected with his federal offense concluded on September 12, 2008. (Doc. 15-1 at 59-65, Judgment in Criminal Case). Between September 12, 2008 and November 10, 2009, the commencement of Petitioner's federal sentence, he was held in continuous state custody for parole violations. Within this time segment, all time served from September 26, 2008, through January 29, 2010, plus the eleven (11) days he served prior to September 26, 2008, was credited against his state terms. See (Doc. 15-1 at 46-52, Docket Sheets, Boston Municipal Ct. Department Criminal Business Division). As such, the BOP was statutorily precluded under Section 3585(b) from granting Petitioner with presentence credit between those dates.

There are, however, two limited exceptions to the rule prohibiting

double credit. Pursuant to the rules set out in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir.1993), and Willis v. United States, 438 F.2d 923 (5th Cir.1971), federal prisoners may receive "qualified non-federal presentence credits" if certain conditions are met.

In Kayfez, the court held that a limited amount of double credit may be granted if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2) the raw effective full term (EFT) date[3] of the non-federal term is later than the raw EFT of the federal term, and (3) the non-federal raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal raw EFT date. Id.

In Willis, the court held that limited amount of non-federal presentence credit may be granted if the following conditions are present: (1) the non-federal and the federal sentences are concurrent; and (2) the non-federal raw EFT is either the same or earlier than the federal raw EFT. Id.

In this case, Bannister does not qualify for qualified non-federal presentence credit under Kayfez, because the EFT of the non-federal sentence (September 26, 2008, plus 18 months, or March 25, 2010) is earlier than that raw

---

[3]The Raw EFT is the full term date of a sentence without reference to prior custody credit or good conduct time. It is determined by adding the length of the sentence imposed to the commencement date of the federal sentence.

EFT of the federal term (November 10, 2009, plus 96 months, or November 9, 2017). However, because the state Raw EFT is earlier than the federal Raw EFT, Willis was applied.

Under Program Statement 5880.28, Sentence Computation Manual, qualified non-federal presentence credit under Willis, is available for all time in official detention on or after the date of the federal offense conduct until the date the first sentence commenced, whether federal or non-federal. See (Doc. 15-1 at 19, Program Statement 5880.28, Sentence Computation Manual CCCA).

In Petitioner's case, he was granted Willis qualified non-federal presentence credit for the 14 days he served prior to the commencement of his federal sentence from September 12, 2008 (the date he was arrested for conduct related to his federal offense), through September 25, 2008, (the day before the Massachusetts probation violation term commenced). As such, Bannister's federal sentence was computed correctly and he received all available credit.

### 3. Nunc Pro Tunc Designation

In Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991), the Third Circuit Court of Appeals held that 18 U.S.C. § 3621(b) authorized the Bureau of Prisons to retroactively designate the state institution for service of an inmate's federal sentence in cases in which the inmate was in primary non-federal custody at the

time the federal sentence was imposed and where the federal sentencing court did not expressly direct concurrent service of the federal sentence. In Barden, the Court indicated that when determining whether to exercise its discretion to effect a retroactive designation, commonly referred to as a nunc pro tunc designation, the BOP should use as guidance the factors set forth at 18 U.S.C. § 3621(b). Id. at 482. Under Barden, the effect of a retroactive, or nunc pro tunc, designation is to commence the federal sentence upon imposition, as opposed to the date the nonfederal primary custodians relinquish primary custody to federal authorities, usually upon the date of state parole or satisfaction of the non-federal sentence. Id.

In this case, the Bureau of Prisons computed Bannister's sentence as running concurrently with his state sentence. Because Bannister was in primary state custody at the time his federal sentence was imposed, and because the federal sentencing court directed its sentence run concurrently with the state sentence Bannister was serving at the time the federal sentence was imposed, his sentence was deemed to have commenced upon imposition. As such, he has received the benefit provided to inmates who have received retroactive or nunc pro tunc designations pursuant to Barden. See Rashid v. Quintana, 372 Fed. Appx. 260, 262 (3d Cir. 2010) (holding that even though Rashid had been granted a nunc pro tunc designation, under 18 U.S.C. § 3585(a) and applicable caselaw, his federal

sentence could not begin earlier than the date on which it was imposed).

Consequently, the petition for writ of habeas corpus will be denied.

An appropriate order will follow.

Dated: June 20, 2014

_____
**United States District Judge**